# UNITED STATES AIR FORCE
# COURT OF CRIMINAL APPEALS

| | | |
|---|---|---|
| **UNITED STATES** | ) | **No. ACM 39866** |
| *Appellee* | ) | |
| | ) | |
| **v.** | ) | |
| | ) | **ORDER** |
| **Theodore W. BARNABY** | ) | |
| **Technical Sergeant (E-6)** | ) | |
| **U.S. Air Force** | ) | |
| *Appellant* | ) | **Panel 2** |

On 20 January 2021, Appellant's military appellate counsel submitted a Consent Motion to Examine Sealed Material and Transmit to Civilian Counsel. Specifically, it moved this court to examine sealed materials, trial transcript pages 25–37 and 46,[1] and Appellate Exhibits VI–XII, XIV, XV, XVII, XVIII, and XIX; and to grant permission to electronically transmit copies of these sealed materials to Appellant's civilian appellate counsel, Ms. Bethany Payton-O'Brien. Appellant's counsel argues the examination of these materials is "reasonably necessary to fulfill their responsibilities in this case." Appellee consents to this motion.

Materials presented or reviewed at trial and sealed, as well as materials reviewed *in camera*, released to trial counsel or defense counsel, and sealed, may be examined by appellate counsel upon "a colorable showing to the reviewing or appellate authority that examination is reasonably necessary to a proper fulfillment of the appellate counsel's responsibilities under the UCMJ, this Manual, governing directives, instructions, regulations, applicable rules of practice and procedure or rules of professional conduct." Rule for Courts-Martial (R.C.M.) 1113(b)(3)(B)(i).[2]

Upon this court's review of the record, we noted an issue regarding Appellate Exhibit IX. On the record, at page 24 of the transcript, the military judge states, "We're going to mark the court's ruling as Appellate Exhibit IX so

---

[1] The court notes that page 46 of the transcript was not under seal. Page 46 is where the military judge ordered items under seal.

[2] All references in this order to the Rules for Courts-Martial and Uniform Code of Military Justice are to the *Manual for Courts-Martial, United States* (2019 ed.).

we're just going to keep that as a place holder." On page 44 of the transcript, trial counsel states, "Ruling on Government Motion to Compel Family Advocacy Records of the Accused, dated 19 November 2019. It is a 7-page document marked Appellate Exhibit IX." However, Appellate Exhibit IX does not contain the military judge's ruling. Instead, it contains an audio recording. Appellate Exhibit XI appears to contain the same recording as Appellate Exhibit IX. The military judge's ruling is missing from the record of trial.

R.C.M. 1112(d), in effect at the time pertinent to this case, provides for correction of a record of trial found to be incomplete or defective after authentication. R.C.M. 1112(d)(2)–(3) describes the procedure for return of the record of trial to the military judge for correction. The court notes that R.C.M. 1112(d)(2) requires notice and opportunity for the parties to examine and respond to the proposed correction.

Accordingly, it is by the court on this 2d day of February, 2021,

**ORDERED:**

The record of trial is **RETURNED** to the Chief Trial Judge, Air Force Trial Judiciary, for action consistent with R.C.M. 1112, to resolve the matter of the military judge's ruling and the sealed Appellate Exhibit IX, and correcting the record. Once corrected, the record will be returned to the court not later than **1 March 2021**. Thereafter, Article 66(b), Uniform Code of Military Justice (UCMJ), 10 U.S.C. § 866(b), will apply.

If the record is not returned to the court by 1 March 2021, the Government will inform the court in writing not later than 1 March that date of the status of the Government's compliance with this order. If, for any reason, it proves impracticable or impossible to correct the record, the record will be returned to the court not later than 1 March 2021 with an explanation by the Chief Military Judge as to why the record cannot be corrected.

The court's ruling with regards to Appellant's Consent Motion to Examine Sealed Material and Transmit to Civilian Counsel is held in abeyance until the record of trial is returned.

FOR THE COURT

*Carol K. Joyce*

CAROL K. JOYCE
Clerk of the Court